IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. BRODHEIM,

    Petitioner,                    No. CIV S-06-2326 LKK GGH P

    vs.

M. VEAL, et al.,

    Respondents.            ORDER
_____/

    Petitioner, a state prisoner proceeding with counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges the Board of Parole Hearings's (formerly the Board of Prison Terms) determination that he was unsuitable for parole. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On June 3, 2008, the Magistrate, acting sua sponte, ordered the parties to show cause within twenty days as to why this action should not be administratively stayed pending the Ninth Circuit's en banc decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, 527 F.3d 797 (9th Cir. 2008).[1] Both petitioner and respondent filed documents

---

[1] The grant of en banc review was on May 16, 2008. Oral argument was heard on June 24, 2008. Several rounds of supplemental briefing have been ordered, the most recent of which

1

affirmatively stating that they had no objections to such a stay. On October 30, 2008, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within twenty days. Neither party has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, the court has conducted a de novo review of this case.

The Ninth Circuit has held that habeas proceedings "implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." INS v. Yong, 208 F.3d 1116, 1120 (9th Cir. 2000). "A long stay . . . threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." Id. In Yong, the Ninth Circuit rejected an district court's decision to indefinitely stay a habeas proceeding pending resolution of a separate Ninth Circuit case considering related issues.

However, in light of the parties' mutual consent to a stay, the considerations underlying Yong do not apply. In Yong, petitioner opposed the stay, a circumstance not present here.

Accordingly, the court orders that this action be administratively STAYED pending the Ninth Circuit's decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, No. 06-55392, 527 F.3d 797 (9th Cir. Filed May 16, 2008).

IT IS SO ORDERED.

DATED: March 16, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

was completed on October 29, 2008.

2