UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. BRODHEIM,

        Petitioner,

   v.

M. VEAL, et al.,

        Respondents.
_____/

NO. CIV. S-06-2326 LKK/GGH P

O R D E R

On November 1, 2010, this court granted petitioner's application for a writ of habeas corpus, adopting the magistrate's finding that there was not "some evidence" of petitioner's current dangerousness. ECF No. 57. In light of Haggard v. Curry, No. 10-1689, 2010 WL 4015006, the court declined to adopt the magistrate's recommendation that the Board of Parole Hearings be ordered to conduct a hearing solely for the purpose of calculating petitioner's release date. Instead, the court ordered the warden to release the prisoner unless the Parole Board held a new suitability hearing within forty-five (45) days of the order. It goes without saying that hearing must be consistent with this court's findings of fact and conclusions of law.

Respondents now seek a stay of the November 1, 2010 order.

1

1  Although a new parole suitability hearing is tentatively set for
2  December 1, 2010, respondents seek a stay so that they will not
3  have to hold the court-ordered suitability hearing. Resp't's Appl.
4  for a Stay, ECF No. 59. Respondents argue, "[a]bsent a stay, the
5  Board will need to hold another parole consideration hearing to
6  comply with the Court's order, despite the Board's recent
7  conclusion that Brodheim's release would pose an unreasonable risk
8  of danger to society." ECF No. 59 at 2.[1] Respondents seek a stay
9  pending resolution of their appeal of this court's November 1, 2010
10 order to the Ninth Circuit. Respondents filed a notice of appeal
11 on November 9, 2010.

12      In ruling on request for a stay pending appeal, the court
13 considers the likelihood of success on the merits of the appeal,
14 whether the stay will prejudice the parties, and the public
15 interest. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987). In
16 this case, the court finds that the prejudice to petitioner
17 outweighs any contravening interests.

18      As discussed in the magistrate's findings and recommendations,
19 but for the denial of due process in June 2003, petitioner would
20 have been released in 2003. His incarceration since 2003, and his
21 continued incarceration, constitutes a substantial injury not
22 outweighed by any inconvenience to respondents in setting a new
23 parole suitability hearing within 45 days of November 1, 2010.
24 Respondents allege that they would be irreparably injured absent

---

[1] Apparently, the State has overlooked the requirement that such hearings be consistent with this court's order.

2

1 a stay because they "would be required to hold an otherwise
2 unnecessary parole consideration hearing for Brodheim." Resp't's
3 Reply, ECF No. 63 at 2. The court finds that this potential harm
4 to the respondent is heavily outweighed by the irreparable injury
5 of continued unlawful incarceration of petitioner.

6     The court also finds that petitioner's improper continued
7 incarceration constitutes a prejudice to petitioner which outweighs
8 the public's interest in, as respondents contend, having "parole
9 suitability determined within the framework of the applicable
10 statutes and regulations. . . ."  Further, respondent has
11 sufficient time to seek a stay of this court's order from the Ninth
12 Circuit because the court ordered that petitioner only shall be
13 released if respondent fails to hold parole suitability hearing,
14 and such a hearing has been scheduled for December 1, 2010.

15     Accordingly, respondent's motion for a stay, ECF No. 59, is
16 DENIED.

17     IT IS SO ORDERED.

18     DATED:  November 16, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3