DANIEL J. BRODERICK, #89424
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Petitioner
MICHAEL BRODHEIM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BRODHEIM, <br><br> Petitioner, <br><br> v. <br><br> KATHLEEN DICKENSON, *et al.*, <br><br> Respondents. | No. Civ. S 06-2326 LKK GGH <br><br> **JOINT STATUS REPORT** |

Pursuant to this Court's order of May 27, 2011, Petitioner, MICHAEL J. BRODHEIM, by and through his counsel, Assistant Federal Defender David M. Porter, and Respondents, M. VEAL, et al., by and through their counsel, Deputy Attorney General Pamela B. Hooley, file this joint status report.

**Petitioner's Position:**

   **1.   Claims remaining to be decided after remand**

In its March 15, 2011 order, which granted the Warden's motion for summary reversal of the district court's order, the Ninth Circuit also granted Mr. Brodheim's alternative request:  It remanded the appeals to this Court "for the purpose of addressing any other grounds raised in

appellee's application for a writ of habeas corpus not previously addressed by the district court."

As set forth in this Court's findings and recommendations, Mr. Brodheim's amended federal petition for writ of habeas court raised seven claims – the last claims alleged a violation of his equal protection right, and the first six alleged violation of his right to due process. The Court described the claims as follows:

> [The first six claims allege] violation of his federal due process rights:  1) by parole authority's arbitrary and continued reliance on unchanging factors; 2) by parole authority's decade-long policy of rejecting parole application of every male prisoner serving a sentence of 25 years to life for first degree murder; 3) by parole authority's policy of systematically characterizing first degree murder as sufficiently exceptional to warrant denial of parole; 4) because parole authority's decision to deny parole was based on findings (a) not supported by the requisite evidence and/or (b) otherwise arbitrary and/or (c) discriminatory under the Americans with Disabilities Act; 5) by the parole authority's failure to give his parole application constitutionally adequate individualized consideration; 6) because the parole authority was not sufficiently neutral and detached, but rather systematically biased in its decision-making. Claim 7 is that petitioner's federal equal protection rights were violated.

(Doc. #51 at pp. 5-6).

The Court concluded that claim 4 (the parole authority's decision to deny parole was arbitrary or based on unsupported findings) and claim 5 (the parole authority's failure to give petitioner's parole application constitutionally adequate individualized consideration), "are essentially subsumed within claim 1." *Id*. at p. 9, n.9. The Court granted habeas relief as to these claims only and, because they were dispositive of the action, it expressly declined to reach the remaining claims. *Id*. at pp. 33-34 (citing *Blazak v. Ricketts*, 971 F.2d 1408 (9th Cir. 1992)(*per curiam*)).

Accordingly, the claims that remain to be decided following remand

are:

(1) violation of due process by parole authority's decade-long policy of rejecting the parole application of every male prisoner serving a sentence of 25 years to life for first degree murder; (2) violation of due process by parole authority's policy of systematically characterizing every first-degree murder as sufficiently exceptional to warrant denial of parole; (3) violation of due process because parole authority was not sufficiently neutral and detached, but rather systematically biased in its decision-making; and (4) violation of Mr. Brodheim's federal equal protection rights.

### 2. Process necessary for deciding remaining claims

These claims cannot be resolved on the existing state record, and therefore Mr. Brodheim will file a motion for evidentiary hearing. We request that the Court permit the filing of the motion within thirty days from the date of this Court's order following the status report. Mr. Brodheim submits that he may pursue the same claims in this habeas action as are being litigated in the class action of *Gilman et al. v. Schwarzenegger, et al.*, No. Civ. S 05-830 LKK GGH. First, the Ninth Circuit has held that habeas corpus petitions and Section 1983 actions are not "mutually exclusive." *Docken v. Chase*, 393 F.3d 1024, 1131 (9th Cir. 2004). Second, as acknowledged in the findings and recommendations (Doc. #51 at p. 2 n.5), "a plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action," but this rule would not apply to a separate habeas corpus petition, which essentially is backward-looking, examining the state of affairs at the time of the 2003 parole hearing, as contrasted with a Section 1983 actions, which

examines the current state of affairs looking forward. Most importantly, the *Gilman* class action does not assert any equal protection claim.

**Respondent's Position:**

Respondent maintains that Brodheim's remaining claims can and should all be resolved on the state record without an evidentiary hearing.

As a preliminary matter, Brodheim's due process claim concerning the "parole authority's policy of systematically characterizing every first-degree murder as sufficiently exceptional to warrant denial of parole," (3:4-6) is foreclosed by *Swarthout v. Cooke*, 131 S. Ct. 859, 862-63 (2011) (per curiam). *Cooke* holds that whether a parole applicant is given the opportunity to be heard and notice of the reasons for parole denial are "the beginning and end of the federal habeas courts' inquiry" into whether the applicant received due process. *Id.* at 862. Thus, the Board's (and the state courts') consideration and evaluation of the crime as a basis for denying parole is "no federal concern." *Id.* at 863.

Second, under the Antiterrorism and Effective Death Penalty Act of 1996, federal habeas relief in connection with Brodheim's remaining claims must be denied unless the state courts' adjudication was contrary to, or involved an unreasonable application of, clearly established Supreme Court authority. 28 U.S.C. § 2254(d). The Supreme Court recently reiterated that this standard is "'difficult to meet,'" and "'demands that the state court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

Additionally, in *Pinholster*, the Supreme Court held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S. Ct. at 1398. Given these limitations, there is simply no need for this Court to conduct an evidentiary hearing to examine Brodheim's claims.

As explained in the Answer, Brodheim's equal protection claim should be denied because he has not demonstrated that he was treated differently from similarly situated prisoners and that the Board lacked a rational basis for its decision finding him unsuitable for parole. (*See* CD 29 at 15:10-26 (Answer (citing *McGinnis v. Royster,* 410 U.S. 263, 269-70 (1973); *McQueary v. Blodgett,* 924 F.2d 829, 834 (9th Cir. 1991). There is simply no need to develop the record further to address that claim.

Nor do Brodheim's remaining claims warrant further exploration, let alone an evidentiary hearing. Indeed, to the extent Brodheim contends that the Board's 2003 decision, which was conducted during the Davis administration, was based on the "parole authority's decade-long policy of rejecting" parole for male first degree murderers serving indeterminate life sentences or that the decision was made "because the parole authority was not sufficiently neutral and detached, but rather systematically biased in its decision-making," (3:1-8), those defects, those claims are moot. As noted in the Answer, Brodheim had multiple subsequent parole consideration hearings during the Schwarzenegger administration. (*See* Civil Docket (CD) 29 at 15:4-8.) Because the only proper remedy for a due process violation in connection with a parole denial is a new hearing, *Haggard v. Curry*, 631 F.3d 931, 937 (9th Cir. 2010), Brodheim's claims are moot.

5

Finally, it is Respondent's understanding that this Court permitted Brodheim, who was originally a member of the *Gilman* class, to pursue an individual civil rights action that was subsequently related to the present habeas matter. (*See* CD 22.) It is unclear to Respondent's counsel in this matter why Brodheim should be permitted to pursue his claims on three separate, and apparently parallel tracks. (*See Crawford v. Bell,* 599 F.2d 890, 893 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result.").

DATED: June 17, 2011

Respectfully submitted,

| KAMALA HARRIS | DANIEL J. BRODERICK |
| Attorney General | Federal Defender |

| /s/ *Pamela B. Hooley* | /s/ *David M. Porter* |
| PAMELA B. HOOLEY | DAVID M. PORTER |
| Deputy Attorney General | Assistant Federal Defender |
| | |
| Attorney for Respondents | Attorney for Petitioner |
| KATHLEEN DICKENSON, et al. | MICHAEL J. BRODHEIM |