THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. BRODHEIM,

    Petitioner,               No. CIV S-06-2326 LKK GGH P

    vs.

M. VEAL, et al.,

    Respondents.        ORDER

_____/

        On May 27, 2011, this court ordered petitioner and respondent to file a joint status report detailing the remaining claims to be decided following the Ninth Circuit remand,[1] and what process is necessary to decide them.  In that order, the undersigned stated that if the parties could not agree, the respective disagreements were to be set forth separately in the joint statement; moreover, if a party, or the parties, believed that the case could proceed on the same issues presented in the Gilman class action referenced in the undersigned's findings and recommendations, the belief that this habeas case can proceed with the same issues being adjudicated in the Gilman case shall be supported by legal authority.

        Petitioner, within the joint statement, sets forth the unresolved claims, as follows:

---

[1] The remand was compelled by the ruling of Swarthout v. Cooke, __ U.S.__, 131 S.Ct. 859 (2011) (per curiam), which issued while the case was on appeal.

1

>    (1) [claim 2] violation of due process by parole authority's decade-long policy of rejecting the parole application of every male prisoner serving a sentence of 25 years to life for first degree murder; (2) [claim 3]violation of due process by parole authority's policy of systematically characterizing every first-degree murder as sufficiently exceptional to warrant denial of parole; (3) [claim 6] violation of due process because parole authority was not sufficiently neutral and detached, but rather systematically biased in its decision-making; and (4) [claim 7] violation of Mr. Brodheim's federal equal protection rights.

Joint Statement (JS), p. 3.

The court's own review essentially confirms this summary.[2] Findings and Recommendations (docket # 51), pp. 4-5, citing Amended Petition (AP), pp. 12, 36.[3] Petitioner believes that the remaining claims cannot be resolved on the existing state record and seeks to have thirty days following the date of this order to file a motion for an evidentiary hearing. JS, p. 3. Petitioner contends that he may pursue the same claims in this action as are being litigated in the class action, Gilman v. Schwarzenegger,[4] No. Civ. S 05-0830 LKK GGH. Id.

Respondent contends there is no necessity for an evidentiary hearing, maintaining as to claim (2), the claim of a due process violation by the parole authority's policy of systematically characterizing every first-degree murder as sufficiently exceptional to warrant denial of parole, is foreclosed by Swarthout v. Cooke, __ U.S. ___,131 S. Ct. 859, 862-863

---

[2] In the above excerpt, the court has added the corresponding number of the claim from the amended petition in brackets. Claims 1, 4 and 5 have been previously adjudicated, the court having found, as is noted in the joint statement, that claims 4 and 5 were essentially subsumed within claim 1, contending that the parole authority's arbitrary and continued reliance on unchanging factors violated due process. See Docket # 51, p. 9 & n. 9.

[3] These Findings & Recommendations were adopted, by Order, filed on Nov. 1, 2010 (dkt # 57) insofar as they were not in conflict with Haggard v. Curry (i.e., with respect to the habeas relief available to successful challenges to parole denials), and judgment entered. The Ninth Circuit reversal and remand, of course, instructed this court to address any previously unaddressed grounds.

[4] The case, pursuant to Fed. R. Civ. 25(d) is now properly denominated Gilman v. Brown.

(2011) (per curiam).  JS, p. 4.  Respondent also avers that, under AEDPA,[5] federal habeas relief with regard to petitioner's remaining claims must be denied unless the state courts' adjudication was contrary to, or involved an unreasonable application of, clearly established Supreme Court authority, citing 28 U.S.C. § 2254(d).  Id.   Respondent states further:

> The Supreme Court recently reiterated that this standard is "'difficult to meet,'" and "'demands that the state court decisions be given the benefit of the doubt.'" Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (quoting Harrington v. Richter, 131 S. Ct. 770, 786 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam).

JS, p. 4.

Respondent further observes that in Pinholster, 131 S. Ct. at 1398, it was held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  JS, p. 5.  Respondent moreover alleges there is no basis for an equal protection claim, citing the answer, and maintains claims of due process violations with regard to any alleged parole policy in 2003, which occurred during the Davis administration, are moot as petitioner has had a number of subsequent parole consideration hearings and the only appropriate remedy for a due process violation with respect to a parole denial is a new hearing. Id., citing Haggard v. Curry, 631 F.3d 931, 937 (9th Cir. 2010).  Respondent also questions why petitioner should be permitted to proceed on three separate tracks with regard to the claims at issue in the Gilman class action.[6]  Id., at 6.

Having summarized the positions of the parties with respect to the remaining

---

[5] Antiterrorism and Effective Death Penalty Act of 1996.

[6] In addition to the instant petition and the Gilman class action, petitioner, as plaintiff, presently has, as an individual, a related civil rights action, Case No. CIV-S-05-1512 LKK GGH P, alleging, inter alia, a no-parole policy with respect to prisoners with life sentences.  Because the "no parole policy" issues, if adjudicated in a habeas action, would probably be governed by the strict AEDPA "unreasonableness" standards, and because factual inquiry outside the record has been severely truncated a s set forth above, one can be puzzled why petitioner wants the issue adjudicated in this habeas action.

claims, the court will now set a further schedule.

IT IS ORDERED that:

1. Respondent must file any motion to dismiss the remaining claims within thirty days;

2. Petitioner must file any opposition within thirty days of the filing of the motion; any response by petitioner may include a cross-motion for an evidentiary hearing. Any cross-motion for an evidentiary hearing must contain sufficient particularized factual matter demonstrating the need for an evidentiary hearing and must not run afoul of Cullen v. Pinholster, 131 S. Ct. 1388;

3. Respondent's reply to an opposition and to any cross-motion should be filed within thirty days of the filing of petitioner's response;

4. Any reply by petitioner to an opposition to any cross-motion must be filed within thirty days after the filing of such an opposition.

DATED: August 25, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
brod2326.ord4