1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9    MICHAEL J. BRODHEIM,

10                  Plaintiff,                    No. CIV S-05-1512 LKK GGH P

11          vs.

12   LOUIE DININNI, et al.,

13                  Defendants.                   FINDINGS AND RECOMMENDATIONS

14   _____/

15   MICHAEL J. BRODHEIM,

16                  Petitioner,                   No. CIV S-06-2326 LKK GGH P

17          vs.

18   M. VEAL, Acting Warden,  et al.,

19                  Respondents.

20   _____/

21          By Order, filed on March 29, 2012, plaintiff was directed to show cause, within

22   fourteen days, why the civil rights action, Case No. Civ-S-05-1512 LKK GGH P, in which

23   discovery has been stayed since March 5, 2007, and thus, in which there has been no activity for

24   almost five years, should not be dismissed in whole or in part as duplicative of, or subsumed

25   within, the class action in Gilman v. Brown, Case No. Civ-S-05-0830 LKK GGH, or dismissed

26   simply as moot.  See Order, filed on March 29, 2012, referencing Order, filed on March 5, 2007;

                                              1

1   <u>Order</u> filed on May 14, 2007.

2          Plaintiff's response is that the gravamen of the instant civil rights action is

3   whether Proposition [8]9,[1] which authorizes the California governor to reverse a decision, i.e., a

4   parole grant, by the Board of Parole Hearings (BPH), enacted as article V, section 8(b) of the

5   state's constitution long after plaintiff's conviction, constitutes an Ex Post Facto Clause violation

6   as applied retroactively to plaintiff.  Plaintiff's Response (Resp.), pp. 1-2.  Plaintiff asserts that

7   the question to be answered is one of a matter of degree in the parole context, the standard being

8   whether there is  a "significant" or "sufficient" risk of prolonged incarceration.  <u>Id.</u> at 2, citing

9   <u>Garner v. Jones</u>, 529 U.S. 244, 250[-51, 255-56], 120 S. Ct. 1362 (2000)("significant"); <u>Cal.</u>

10  <u>Dept. of Corr. v. Morales</u>, 514 U.S. 499, 509, 115 S. Ct. 1597 (1995)("sufficient"); <u>Brown v.</u>

11  <u>Palmateer</u>, 379 F.3d 1089, 1093 (9th Cir. 2004) (citing <u>Morales</u>); <u>see</u> <u>also</u>, <u>id.</u> at 1095 (citing

12  <u>Garner</u>).  Plaintiff then goes on to cite a number of cases (all but one a habeas case) for the

13  principle that the ex post facto question must be answered on an individualized, case-by-case

14  basis.  <u>Id.</u>, citing <u>Richardson v. Pa. Bd. of Prob. & Parole</u>, 423 F.3d 282, 291 (3rd Cir. 2005);

15  <u>Brown v. Palmateer</u>, 379 F.3d at 1095; <u>Fletcher v. District of Columbia</u>, 391 F.3d 250, 251 (D.C.

16  Cir. 2004) (remanding, pursuant to <u>Garner</u>, civil rights action raising ex post facto challenge to a

17  parole policy).  Plaintiff herein argues that if, in the related habeas petition, the governor should

18  reverse the parole grant, plaintiff would be best positioned to make his ex post facto claim and

19  asks that the case not be dismissed until June of 2012 when the parole grant is due to become

20  final, stating that then the action would be moot.  Resp., at 3.  Plaintiff also notes that the instant

21  \\\\\

22  \\\\\

23

24          [1] Plaintiff's counsel inaccurately refers to the proposition by which the governor was
    granted the authority in 1988 to reverse parole board decisions as Proposition 9, but it was

25  Proposition 89 which was enacted as article V, section 8(b) of California's Constitution.
    Proposition 9, Marsy's Law, passed in 2008, amended Cal. Penal Code § 3041.5 to change the

26  deferral period between parole hearings.

1  civil rights action was severed from Case No. CIV-S-05-0830 LKK GGH[2] by order, filed on July

2  27, 2005.  Id.

3          The undersigned does not find plaintiff's contentions persuasive.  As defendants

4  observe in a reply, the first amended complaint for which the court has long forestalled any

5  answer and stayed discovery, pending the outcome in the related habeas proceeding, seeks

6  injunctive and declaratory relief under 42 U.S.C. § 1983 for alleged due process and Ex Post

7  Facto Clause violations as well as for supplemental state law claims.  Reply, p. 2, citing First

8  Amended Complaint, filed on April 24, 2007 (Docket # 47).   Defendants are correct that

9  plaintiff's ex post facto claim, the claim which plaintiff contends is the primary one, is

10 duplicative of, and subsumed within, the Gilman class action.  While plaintiff's claim was

11 severed from that of a pro se co-plaintiff when the action was initiated, the later class

12 certification of Gilman v. Brown, CIV-S-05-0830 LKK GGH, indisputably embraces plaintiff as

13 a class member.

14          The Gilman class is made up of:

15          California state prisoners who: "(I) have been sentenced to a term
           that includes life; (ii) are serving sentences that include the
16          possibility of parole; (iii) are eligible for parole; and (iv) have been
           denied parole on one or more occasions."

17

18 CIV-S-05-0830, Docket # 182, p. 9.[3]

19          Petitioner, convicted of first degree murder and sentenced in 1982 to a term of 25

20 years to life (i.e., with the possibility of parole)[4] fits squarely within the parameters of the Gilman

21 class.  In Gilman v. Brown, CIV-S-05-0830 LKK GGH, "the procedures used in determining

22  _____

23      [2] Plaintiff's counsel, evidently inadvertently, erroneously identified the underlying case
    from which the instant action was severed as Case No. 05-0873.  See Resp., p. 3.

24

25      [3] The Ninth Circuit affirmed the Order, certifying the class.  See Docket # 258 in Case
    No. S-CIV 05-0830 LKK GGH.

26      [4] See related case, Brodheim v. Dickinson, Case No. 2:Civ-S-06-2326 LKK GGH.

3

1   suitability for parole: the factors considered, the explanations given, and the frequency of the

2   hearings" are what is at issue.   Docket # 182 of CIV-S-05-0830, p. 7 [emphasis in original].

3   With respect to Claim 9[5] within the class action, which is an ex post facto challenge to

4   Proposition 89, which, as noted, granted the governor the authority to reverse BPH decisions, the

5   class is defined as "all California state prisoners who have been sentenced to a life term with

6   possibility of parole for an offense that occurred before November 8, 1988."  See Order, filed on

7   April 25, 2011, at docket # 340 in Case No. 2:Civ- S-05-0830 LKK GGH.  Plaintiff

8   unquestionably fits squarely within this class/subclass.

9          As a member plaintiff of a class action for equitable relief from prison conditions,

10  plaintiff may not maintain a separate, individual suit for equitable relief involving the same

11  subject matter of the class action.  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979);

12  see also Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999); McNeil v. Guthrie, 945 F.2d

13  1163,1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged

14  unconstitutional prison conditions cannot be brought where there is an existing class action .");

15  Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow individual suits

16  would interfere with the orderly administration of the class action and risk inconsistent

17  adjudications.").  Respondent is correct that whether the claim becomes moot after the

18  governor's decision is not what should be determinative for dismissal of this action.  Reply, p. 2.

19  Rather, the particular facts of plaintiff's denial of parole, should that occur, would have to be

20  determined in the related habeas matter, and the equitable relief sought by plaintiff by way of the

21  civil rights action is foreclosed by plaintiff's indisputable membership in the Gilman class.

22  Crawford v. Bell, 599 F.2d at 892-93

23          In a filing both belated and unsought by the undersigned in its show cause order,

24  plaintiff has submitted a "sur-reply."  Docket # 55.  Apparently eschewing his initial position that

25
    ───────────────
26      [5] Referencing the [Corrected] Fourth Amended/Supplemental Complaint for Declaratory
    and Injunctive Relief, Docket # 175 of Case No. CIV-S-05-0830, pp. 14-15.

1   the gravamen of the amended complaint is an ex post facto challenge on his behalf to the

2   provision which authorizes California's governor to reverse a BPH parole grant (a claim

3   specifically encompassed within the <u>Gilman</u> class action), plaintiff attempts to backdoor an

4   argument not raised in the original response (perhaps in light of the cogent contentions made by

5   defendants in their response to plaintiff).  Citing <u>Crawford v. Bell</u>, 599 F.2d at 893, for the

6   premise that therein the Ninth Circuit found erroneous a trial court's sua sponte dismissal of a

7   prisoner plaintiff's civil rights claims which went beyond the allegations subsumed within a class

8   action, plaintiff now argues that the <u>Gilman</u> class action sets forth nine claims while plaintiff in

9   the instant amended complaint sets forth twelve, emphasizing the sixth cause of action in the

10  amended complaint, a claim which seeks to implicate state regulations governing parole

11  suitability determinations, Cal. Code Regs. tit.xv, § 2400 et seq., as unconstitutionally vague.   Dkt

12  # 55, pp. 2-3.  What plaintiff fails to clarify, however, is why, should he believe that this claim is

13  not already essentially included within the claims of the class action and that there is any

14  potential for success for such a separate claim, it would not be most appropriate to seek leave to

15  further amend or supplement the class action to embrace it specifically.

16          In another apparent last-ditch effort to keep this case alive pending the outcome of

17  the plaintiff's [petitioner's] recent grant of parole by the BPH (<u>see</u> the related habeas), plaintiff

18  states that he "is considering" seeking leave to amend to include an equal protection claim,

19  which, he maintains, is also not part of <u>Gilman</u>.  Of course, no proposed second amended

20  complaint is included as plaintiff is still apparently mulling the question over.  Therefore, the

21  court cannot evaluate the possibly dubious merits of any such claim.  Nor does plaintiff provide a

22  reason, much less a convincing one, why, if such a claim might have any merit, he would not, as

23  a class member, seek to include it as a claim in the <u>Gilman</u> class action.

24          Moreover, as to <u>Crawford</u>, the Ninth Circuit chiefly found erroneous the dismissal

25  of those claims in the individual action for which the relief sought exceeded that sought in the

26  class action.  599 F.2d 890 at 893.  Plaintiff makes no showing whatever that the relief sought in

1   his individual action is not completely comprehended within the class action.   The Crawford

2   court also noted the inherent power of the court, with due regard to judicial efficiency and

3   economy and deference to another jurist previously handling a case covering the same issues, to

4   refuse to permit continued litigation of the matter in its own court.  Id., at 892.   The court finds

5   that plaintiff has not made an adequate showing of cause for this civil rights action to proceed.

6           Accordingly, IT IS HEREBY RECOMMENDED that the civil rights action, Case

7   No. Civ-S-05-1512 LKK GGH P, be dismissed without prejudice to the ruling in the Gilman

8   class.

9           These findings and recommendations are submitted to the United States District

10   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

11   days after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14   shall be served and filed within fourteen days after service of the objections.  The parties are

15   advised that failure to file objections within the specified time may waive the right to appeal the

16   District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   DATED: May 7, 2012

18                                   /s/ Gregory G. Hollows
                                 UNITED STATES MAGISTRATE JUDGE
19
     GGH:009
20   brod1512.fr

21

22

23

24

25

26