IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL J. BRODHEIM, | | |
| | Plaintiff, | No. 2:05-cv-1512 LKK GGH P |
| vs. | | |
| LOUIE DININNI, et al., | | |
| | Defendants. | <u>ORDER</u> |
| _____/ | | |
| MICHAEL J. BRODHEIM, | | |
| | Petitioner, | No. 2:06-cv-2326 LKK GGH P |
| vs. | | |
| M. VEAL, Acting Warden, et al., | | |
| | Respondents. | <u>ORDER</u> |
| _____/ | | |

      Plaintiff, a state prisoner proceeding pro se, has filed Case No. 2:05-cv-1512 LKK GGH P, a civil rights action seeking relief under 42 U.S.C. § 1983.[1]  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

---

[1] The related case is a pending habeas matter, No. 2:06-cv-2326 LKK GGH P.

1    On May 7, 2012, the magistrate judge filed findings and recommendations in Case No. 2:05-cv-1512 LKK GGH P which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

The court also herein considers plaintiff's subsequently filed and belated motion for leave to amend/supplement the amended complaint in what appears to be a last-ditch effort to resuscitate this action largely on the premise that a new equal protection claim may be framed based on the governor's recent reversal of the parole board's parole grant.  This most recent claim is predicated on alleged disparate treatment arising from parole officials having undergone a "marked shift...in recent years" by reliance on "a lack of insight to deny parole... ."  Docket # 58-1, at 21.  Another claim of disparate treatment vis-à-vis plaintiff is alleged to have arisen from the governor [in his parole reversal] purportedly having changed the application of CAL. CODE REGS. tit.xv, § 2402(c)(5), by allegedly deviating from the standard by which psychological factors are to be weighed with regard to finding parole unsuitability.  Id.

As has been previously noted, plaintiff herein proceeds in two other actions implicating parole issues: a habeas petition, Brodheim v. Dininni, No. 2:06-2326 LKK GGH P, which is related to the instant case, and as a plaintiff class member in Gilman v. Brown, No. 2:05-0830 LKK GGH.   Notwithstanding plaintiff's argument otherwise, the court finds that the allegations regarding parole board officials have been mooted by the board's parole grant, and to the extent it there remains any live issue, it is subsumed within the Gilman class action.  With respect to the specific and recent reversal of parole which the board granted to plaintiff, amending to raise a new equal protection claim in 2012 in a civil rights action that was initiated in 2005 is too broad a stretch.  If plaintiff feels he has a viable equal protection claim that implicates a specific parole decision, it should be raised in a new habeas petition.  If plaintiff believes there is a viable equal protection claim with regard to parole procedures generally, it should be encompassed within the Gilman class action, or at the least, in a new civil rights action

1  brought by plaintiff.  The motion for further leave to amend is denied.

2           In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

3  304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the

4  entire file, the court finds the findings and recommendations to be supported by the record and

5  by proper analysis.

6           Accordingly, IT IS HEREBY ORDERED that:

7           1.  Plaintiff's motion to amend/supplement the amended complaint, filed on June

8  23, 2012 (docket # 58), is denied;

9           2.  The findings and recommendations filed May 7, 2012, are adopted in full; and

10           3.  The civil rights action, Case No. 2:05-cv-1512 LKK GGH P, is dismissed

11  without prejudice to the ruling in the <u>Gilman</u> class.

12  DATED:   August 23, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT