UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRODHEIM,

       Plaintiff,

  v.

LOUIE DININNI, et al.,

       Defendants.

NO. CIV. S-05-1512 LKK/GGH

_____/

MICHAEL BRODHEIM,

       Plaintiff,

  v.

M. VEAL, et al.,

       Defendants.

NO. CIV. S-06-2326 LKK/GGH

O R D E R

_____/

    Plaintiff in the civil rights case is a California state prisoner serving a term of imprisonment of 25 years to life with the possibility of parole, for the crime of murder. Brodheim v. Dininni, Civ. S-05-1512, Amended Complaint ("Complaint") (ECF No.

47) ¶ 5.[1] He has filed this civil rights case alleging that California's parole system violates his rights under the Due Process and Ex Post Facto clauses of the U.S. Constitution.

On March 29, 2012, the Magistrate Judge ordered plaintiff to "show cause why it [the civil rights complaint] should not be dismissed in whole or in part as duplicative of, or subsumed within, the class action in Gilman v. Brown, Case No. Civ-S-05-0830 LKK GGH, or simply dismissed as moot."[2] Order of March 29, 2012 ("OSC") (ECF No. 51) at 2.

On May 7, 2012, the Magistrate Judge filed Findings and Recommendations, finding that plaintiff was a class member of Gilman, and recommending to this court that the civil rights complaint should accordingly be dismissed in its entirety, without

---

[1] On May 23, 2005, plaintiff joined the lawsuit filed by Richard M. Gilman, as a co-plaintiff. See Gilman v. Welch, ECF No. 5 (amended complaint), 2:05-cv-830 LKK (E.D. Cal. May 23, 2005). On July 27, 2005, the Magistrate Judge assigned to the case severed plaintiff from the Gilman action, which at the time was an individual action, not a class action. Order of July 27, 2007 (ECF No. 14). On March 7, 2007, the Magistrate Judge stayed all discovery in this case. Order of March 7, 2007 (ECF No. 42). On March 4, 2009, this court certified the Gilman matter as a Rule 23(b)(2) class action. Gilman v. Davis, ECF No. 182, 2:05-cv-830 LKK (E.D. Cal. March 4, 2009) (Karlton, J.).

[2] In the related habeas case, Brodheim v. Dickinson, 2:06-cv-2326 LKK (E.D. Cal.), plaintiff notified the court that the Board of Parole Hearings had determined to grant him parole at a January 11, 2012 hearing. However, on June 8, 2012, the Governor reversed the Board, and plaintiff was accordingly denied parole. See Brodheim v. Dickinson, supra, ECF No. 92 (Joint Status Report). It appears that the Board ruled in plaintiff's favor again on January 8, 2013, but the Governor will have until June 2013 to review (reverse, affirm or remand) that ruling (assuming the Board does not re-visit its decision before then). See Brodheim v. Dickinson, supra, ECF No. 102.

prejudice to the ruling in the <u>Gilman</u> class. Order of May 7, 2012 (ECF No. 56). On August 24, 2012, this court adopted the Findings and Recommendations in full, and ordered this civil rights case dismissed "without prejudice to the ruling in the <u>Gilman</u> class." Order of August 24, 2012 (ECF No. 61).

Plaintiff now seeks reconsideration of the August 24, 2012 Order on the grounds that after that Order issued, this court de-certified the <u>Gilman</u> class with respect to the Due Process claims, and the <u>Gilman</u> plaintiffs have abandoned their Due Process claims.[3] Plaintiff's Motion for Reconsideration of August 24, 2012 Order (ECF No. 63). Defendants have not filed an opposition (nor a Statement of Non-Opposition).

The court may grant plaintiff relief from a prior order if applying it prospectively "is no longer equitable," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5) & (b)(6). The basis for this court's prior dismissal of plaintiff's entire case – including the Due Process claims – was that it was subsumed within the <u>Gilman</u> class action. That basis has now been undermined by subsequent events. Specifically, plaintiff's Due Process claims are no longer subsumed within <u>Gilman</u>, as that class has been decertified and the <u>Gilman</u> plaintiffs have abandoned those claims. <u>See</u> <u>Gilman v. Brown</u>, <u>supra</u>, ECF Nos. 445 (de-certifying the class) & 432 at 4-5

---

[3] Plaintiff has not sought reconsideration of the court's dismissal of his <u>ex post facto</u> claims, nor has he sought permission to opt out of the <u>Gilman</u> classes as they relate to the <u>ex post facto</u> claims.

(abandoning "the remaining due process claims" that survive Swarthout v. Cooke, 131 S. Ct. 859 (2011)).

Accordingly:

1. Plaintiff's motion for reconsideration (ECF No. 63), is **GRANTED**;

2. The Clerk is directed to re-open this case; and

3. Plaintiff may, within 21 days of the date of this order, file an amended complaint omitting his ex post facto claims.[4]

IT IS SO ORDERED.

DATED: May 6, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Due Process claims do not appear to be frivolous on their face. See Gilman v. Brown, 2012 WL 1969200 (E.D. Cal. 2012) (Karlton, J.) (denying defendants' motion to dismiss prisoners' Due Process claims regarding the California parole system on the basis of Greenholtz v. Inmates of the Nebraska Penal and Correction Complex, 442 U.S. 1 (1979), and Swarthout v. Cooke, 131 S. Ct. 859 (2011)). Accordingly, amendment of the complaint appears appropriate.