UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. BRODHEIM,                                  No.  2:06-cv-2326 LKK GGH P

             Petitioner,

    v.                                                          ORDER

KATHLEEN DICKINSON, et al.,

             Respondents.

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 27, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Respondent has filed objections to the findings and recommendations.  Petitioner has filed a statement, not objections, to ensure that a position has not been waived.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.

Petitioner challenges a 2003 decision of the then California Board of Prison Terms (BPT) to deny him a parole date and the failure of the California Governor to reverse that denial.   In

1

1   relevant part, by the four claims remaining his petition petitioner contends that the 2003 denial

2   and the Governor's failure to reverse the denial were tainted by systemic bias against granting

3   parole to life prisoners and violated his right to equal protection.  Respondents moved to dismiss

4   on three separate grounds:  (1) habeas corpus jurisdiction does not lie over any of the remaining

5   claims; (2) the habeas corpus action should be dismissed and the remaining claims should

6   proceed in petitioner's pending civil rights action; and (3) petitioner's equal protection claim

7   should be dismissed because it is in fact a disguised due process claim.  The magistrate judge

8   recommends granting the motion as to the latter argument and denying it in all other respects.

9   The magistrate judge also finds that the claims at bar are not moot in spite of the fact that the

10  California Board of Parole Hearings (BPH) has twice found petitioner eligible for parole.  The

11  Governor has reversed both of those grants of parole.  Petitioner does not object to the

12  recommended dismissal of the equal protection claim.  The magistrate judge's findings and

13  recommendations will be adopted in full with respect to that claim.

14        Respondents object to the magistrate judge's findings that the petition is not moot and

15  that habeas corpus jurisdiction is available for the systemic bias claims.[1]  The magistrate judge's

16  rationale for finding that the petition has not been mooted by two subsequent favorable BPH

17  reviews is based on the fact that petitioner's crime was committed prior to January 1, 1983.  For

18  crimes committed prior to January 1, 1983, the parole period for life crimes was five years which

19  could be extended based on events on parole.  The magistrate judge reasons that if petitioner's

20  constitutional rights were violated by systemic bias at the 2003 hearing and an unbiased decision

21  resulted in a grant of parole "it would be possible that petitioner would have no parole term to

22  serve after he was finally released."  Findings and Recommendations, filed August 27, 2013 (ECF

23  No. 118) at 4.

24  /////

25

26  [1] Respondents also contend the claims should be denied on the merits, contending that the claims
    have been fully briefed and petitioner cannot meet the exacting standards of federal habeas corpus

27  review.  The magistrate judge has not made findings or recommendations on the merits of the
    systemic bias claims, and petitioner's motion for evidentiary hearing on these claims is pending

28  before the magistrate judge.

1    Elsewhere, the magistrate judge correctly recognizes that the only relief available to

2 petitioner on these claims is "a new hearing at an appropriate level." Id. at 8. Petitioner has had

3 three subsequent parole hearings before the BPH, in 2007, 2012, and 2013. While the 2007

4 hearing resulted in a denial of parole, the BPH granted parole at both the 2012 and 2013 hearings.

5 It is clear that at least the hearings in 2012 and 2013 were free of any alleged systemic bias. "A

6 case becomes moot when it no longer satisfies the case-or-controversy requirement of Article II,

7 section 2, of the Constitution. The case-or-controversy requirement demands that, through all

8 stages of federal judicial proceedings, the parties "continue to have a personal stake in the

9 outcome of the lawsuit." "This means that . . . the plaintiff 'must have suffered or be threatened

10 with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial

11 decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Cont'l Bank Corp., 494

12 U.S. 472, 477 (1990)). Because petitioner has had at least two hearings before the BPH that were

13 free of any systemic bias there is no further relief that the court can order against that agency.

14 Petitioner's claims are moot as to the BPH.

15    Petitioner has not, however, to date been successful in his efforts to obtain a grant of

16 parole at the Governor's level. For that reason, if petitioner can prove that the 2004 gubernatorial

17 review challenged herein was tainted by systemic bias against parole for life prisoners and can

18 otherwise satisfy the exacting standards of federal habeas corpus review, he may be entitled to

19 relief in the form of an order requiring review at the Governor's level free of systemic bias

20 against life prisoners.[2] For this reason, the petition is not moot as to petitioner's claims

21 concerning systemic bias in connection with the Governor's failure to reverse the 2003 denial of

22 parole.

23    Respondents' contention that habeas corpus jurisdiction does not lie against petitioner's

24 remaining systemic bias claims arising from the Governor's failure to reverse the 2003 denial of

25 parole is without merit. See McQuillion v. Schwarzenegger, 369 F.3d 1091, 1098 (9th Cir. 2004)

26 ───────────────

[2] Though the issue is not before the court at this time, it appears petitioner faces a very high
27 threshold. See In re Rosenkrantz, 29 Cal.4th 616, 685 (2002) (Evidence that California Governor
"has permitted the parole of two persons convicted of murder is inconsistent with the conclusion
28 that he has adopted a blanket policy of denying parole to all murderers.")

3

1   ("Bias on the part of the Governor, the Board and the Attorney General cannot be redressed by an

2   injunction ordering those state officials to comply with state law.  See Pennhurst State Sch. And

3   Hosp. v. Halderman, 465 U.S. 89, 106 (1984).  The effect of a purportedly biased decision

4   resulting in a constitutional violation could be considered by a federal court if contested in a

5   properly exhausted habeas petition.")

6           Accordingly, IT IS HEREBY ORDERED that:

7           1.  The findings and recommendations filed August 27, 2013, are adopted in part; and

8           2.  Insofar as respondent has moved to dismiss the bias claims (remaining claims 2, 3, and

9   6), the September 26, 2011 motion (Docket No. 79) is granted with respect to the Board of Prison

10  Terms and denied with respect to the Governor; with respect to the equal protection claim (7), the

11  September 26, 2011 motion (Docket No. 79) is granted and this claim is dismissed without

12  prejudice.

13  DATED:  December 3, 2013.

14

15

16  _____
    LAWRENCE K. KARLTON

17  SENIOR JUDGE
    UNITED STATES DISTRICT COURT

18

19  /brod2326.806hc

20

21

22

23

24

25

26

27

28