UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BRODHEIM, | No.  CIV. S-06-2326 LKK/GGH P |
| Petitioner, | |
| v. | **ORDER** |
| KATHLEEN DICKINSON, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The sole claims remaining in this action are petitioner's claims that his constitutional rights were violated in 2004 when the California Governor failed to reverse a 2003 decision of the California Board of Parole Hearings (BPH) to deny petitioner a parole date.  Petitioner claims this failure was tainted by systemic bias against granting parole to life prisoners.  On December 20, 2013, respondents filed a request for reconsideration of this court's December 4, 2013 denying respondent's' motion to dismiss these claims.  Petitioner opposes the request.

1

1    Although motions to reconsider are directed to the sound
2 discretion of the court, see Smith v. Pacific Properties and
3 Development Corp., 358 F.3d 1097, 1100 (9th Cir. 2004),
4 considerations of judicial economy weigh heavily in the process.
5 Thus Local Rule 230(j) requires that a party seeking
6 reconsideration of a district court's order must brief "what new
7 or different facts or circumstances are claimed to exist which
8 did not exist or were not shown upon such prior motion, or what
9 other grounds exist for the motion." L.R. 230(j). The rule
10 derives from the "law of the case" doctrine which provides that
11 the decisions on legal issues made in a case "should be followed
12 unless there is substantially different evidence . . . new
13 controlling authority, or the prior decision was clearly
14 erroneous and would result in injustice." Handi Investment Co.
15 v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also
16 Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985).

17    Respondents raise several arguments in support of their
18 motion for reconsideration. First, they contend that there is no
19 evidence of a 2004 gubernatorial review of the 2003 denial of
20 parole, in any event, that petitioner has no federally protected
21 liberty interest in gubernatorial review of any denial of parole.
22 Second, respondents contend that the court erred in its holding
23 that habeas corpus jurisdiction lies for petitioner's remaining
24 claims. Third, they contend petitioner's claims are moot because
25 the current California Governor, who has reviewed and reversed
26 two BPH grants of parole to petitioner, "has no record of bias."
27 Defs. Req. for Recon., filed December 20, 2013 (ECF No. 130) at
28 5. Finally, respondents suggest this action should be dismissed

2

because petitioner "is and has been pursuing his claims in a related § 1983 action." Id.

Respondents' first argument misses the mark. California law creates a federally protected liberty interest in parole. Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011). That right includes a guarantee that decisionmakers will be unbiased. See O'Bremski v. Maass, 915 F.2d 418, 422 (1990). Whether or not the Governor conducted any review at all, and whether such review, if conducted, was tainted by bias, are factual questions not properly before the court at this time.

The court has already considered and rejected respondents' contention that there is no habeas jurisdiction over petitioner's remaining claims. Respondents have not shown that new controlling authority renders that decision erroneous. Moreover, respondents' contentions concerning Governor Brown's record with respect to parole consideration for life prisoners and whether that asserted record moots this action raise questions of law and fact which should be tendered, if at all, to the magistrate judge in the first instance. They are not properly before the court on this motion for reconsideration.

Finally, with regard to respondents' suggestion that petitioner should be required to pursue his claims in his related § 1983 action, the court observes that respondents did not object to the magistrate judge's finding that "[t]he civil rights action does not affect the court's determination of the motion to dismiss in this habeas action, and further discussion of the pending civil rights action is omitted." Findings and Recommendations filed August 27, 2013 (ECF No. 118) at 2; see

1  Objections filed September 11, 2013 (ECF No. 120), *passim*.
2  Respondents' contention is an untimely objection to that finding
3  and will not be considered.  <u>See</u> L.R. 304.
4       For all of the foregoing reasons, IT IS HEREBY ORDERED that
5  respondents' December 20, 2013 request for reconsideration (ECF
6  No. 130) is denied.
7       DATED:  March 5, 2014.

```
                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```

4